UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| URIEL AVILA ROSAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00330-MPB-MKK |
| | ) | |
| BRISON SWEARINGEN in his official capacity as Sheriff of the Clay County Justice Center, FIELD OFFICE DIRECTOR in his or her official capacity as Field Office Director of the Chicago Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security, TODD M. LYONS in his official capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security, MARKWAYNE MULLIN in his official capacity as Secretary, U.S. Department of Homeland Security, TODD BLANCHE in his official capacity as Acting Attorney General of the United States, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Uriel Avila Rosas is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on April 21, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Avila Rosas now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 30.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on May 27, 2026**, Respondents must either: (1) afford Mr. Avila Rosas an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its

1

regulations; or (2) release Mr. Avila Rosas from custody, under reasonable conditions of supervision.

## I.  Background

Mr. Avila Rosas is a Mexican citizen. Dkt. 7-1 at 6. He has lived in the United States since 1999. Dkt. 1 ¶ 52. On April 20, 2026, Mr. Avila Rosas was arrested for driving without a license, and he was taken into custody by ICE the next day pursuant to an I-200 administrative warrant. Dkt. 7-1 at 7–8. He was also served with a Notice to Appear. *Id.* at 1.

The Notice to Appear charges Mr. Avila Rosas with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant without necessary documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.  Discussion

Mr. Avila Rosas claims that his current detention violates the Immigration & Nationality Act ("INA") (Count I), relevant bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 56–71. Respondents argue that Mr. Avila Rosas is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A), that the bond regulations Mr. Avila Rosas identifies do not apply, and that his detention is constitutional. Dkt. 7.

The Court finds that Mr. Avila Rosas's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Avila Rosas is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

## A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. Although "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229a, also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976,

3

982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Avila Rosas Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Avila Rosas is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than

undocumented aliens like Mr. Avila Rosas who have lived in the interior of the United States for years. *See Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025); *see also Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at \*7 (S.D. Ind. Oct. 11, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at \*14-19.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) ("*Castañon-Nava I*"), a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. The Seventh Circuit has since issued a splintered decision, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026) (*Castañon-Nava II*), in which there is no majority opinion on the issue.

The parties cite decisions on the issue in other circuits throughout the country. *See* dkt. 7 at 7–12; dkt. 9 at 11–15. Two recent circuit court decisions upheld the Respondents' interpretation

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at \*2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

of § 1225(b)(2)(A). *See* dkt. 7 at 10–12 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

In contrast, three circuit courts have rejected the Respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Lopez-Campos, et al. v. Raycraft, et al.*, Nos. 25-1965/1969/1978/1982, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden*, et al., No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The Court is not convinced that the Seventh Circuit, whenever it issues a precedential opinion on the issue, willill depart from *Castañon-Nava I* (and disagree with *Lopez-Campos*, *Hernandez Alvarez*, and *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.

Accordingly, the Court concludes that Mr. Avila Rosas is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

## C. Scope of Relief

Mr. Avila Rosas is eligible for consideration for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates the "laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

6

Mr. Avila Rosas argues that he is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Avila Rosas maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Avila Rosas's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Avila Rosas's petition and orders the Respondents to afford him a bond hearing or release him from custody

## D. Remaining Claims

Because the Court has found that Mr. Avila Rosas's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Avila Rosas's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 1 ¶¶ 77–81. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2] Section 1226 is silent as to the burden of

---

[2] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of

proof, so Mr. Avila Rosas's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Avila Rosas's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

### III.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on May 27, 2026**, Respondents must either: (1) provide Mr. Avila Rosas with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Avila Rosas from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on May 29, 2026**, Respondents must file documentation certifying that they have provided Mr. Avila Rosas with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Dated:  May 21, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

---

proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Distribution:

All electronically registered counsel